IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVYN D. STONE, <br> #0625900, <br><br> Petitioner, <br><br> V. <br><br> DALLAS COUNTY JAIL, <br><br> Respondent. | § § § § § § § § § § § | No. 3:22-cv-882-E-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Kevyn D. Stone, incarcerated at the Tarrant County jail, filed a *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus collaterally attacking a 2002 Dallas County conviction – a state jail felony under which he was sentenced to three years of incarceration – because the Dallas County conviction was used to enhance a Tarrant County conviction that he received in 2004. *See* Dkt. No. 3. United States District Judge Ada Brown referred the application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2254 habeas application under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) because Stone has not shown that there is subject matter jurisdiction.

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court." *Id.*[1]

Under Habeas Rule 4, the Court must consider whether Stone is "in custody" under the Dallas County conviction that he challenges. If he is not, Habeas Rule 4 authorizes the Court to summarily dismiss his collateral challenge to this conviction. *See, e.g., Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at *2-*3 (N.D. Tex. Aug. 29, 2016) (citations omitted), *rec. accepted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016).

A federal court lacks subject matter jurisdiction to entertain a habeas petition if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence that he seeks to attack. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."). But "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient

---

[1] *See also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes)).

to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony or enhance future punishment, held insufficient to satisfy the "in custody" requirement).

So, "[i]f the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the 'in custody' requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition." *Acosta v. Texas*, No. 16-50883, 2017 WL 4574617, at *1 (5th Cir. June 6, 2017) (Dennis, J. ord.) (citing *Maleng*, 490 U.S. at 492; *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right ... the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." (citation omitted))).

The record set out by Stone reflects that he fully discharged his Dallas County conviction prior to filing this federal habeas application. *See, e.g.*, Dkt. No. 3 at 6 ("I done almost 2 years incarcerated and a year on parole on a state jail felony w/o enhancement."). And Stone's application – filed against the Dallas County jail and in the Dallas Division of this district – reflects that he is challenging just the 2002 Dallas

County conviction, not his more recent Tarrant County conviction. *See generally id.*

Accordingly, this application should be dismissed without prejudice under Habeas Rule 4 because Stone is not "in custody" for the purpose of collaterally attacking the 2002 Dallas County conviction. But, insofar as Stone also seeks to collaterally attack the Tarrant County conviction <u>because it was enhanced by the Dallas County conviction</u>, insofar as Stone is in custody under the Tarrant County conviction, such a habeas challenge should be filed in the Fort Worth Division of this district. *See* 28 U.S.C. §§ 124(a)(2), 1404, 2241(d); *McQueen v. Whitley*, 989 F.2d 184, 186 (5th Cir. 1993) ("A prisoner challenging an earlier conviction used to enhance a conviction for which the prisoner is presently incarcerated meets the jurisdictional 'in custody' requirement because such a petition is challenging the *sentence* for the later conviction as *enhanced* by the earlier conviction, not the earlier conviction itself. Here, McQueen challenges his 1979 sentence on the ground that the sentence was enhanced by an earlier allegedly unconstitutional conviction. In other words, the petition seeks relief from the 1979 sentence; the 1970 conviction provides the alleged error justifying such relief.").

**Recommendation and Directions to Clerk**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Kevyn D. Stone's *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus without prejudice for lack of subject matter jurisdiction. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk shall serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 25, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE